

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-2823
Re: Is an officer of a cor-
poration holding a
wholesale liquor dealer's
permit required to secure
an agent's permit in or-
der that he may solicit
business? And related
questions.

Your letter of October 11, 1940, requesting an opinion of this department upon the questions as are herein stated has been received.

We state your questions as follows:

"1. Is an officer in a corporation holding a wholesale liquor dealer's permit required to secure an agent's permit in order that he may solicit business?

"2. Is the owner of a wholesale liquor business, which is a sole ownership business, required to secure an agent's permit before he may solicit business?"

Section A of Article 666-4, Vernon's Annotated Penal Code, reads as follows:

"(a) It shall be unlawful for any person to manufacture, distill, brew, sell, possess for the purpose of sale, import to this state, export from the state, transport, distribute, warehouse, store, solicit or take orders for, or for the purpose of

... ATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Bert Ford, Page 2

sale to bottle, rectify, blend, treat, fortify, mix or possess any liquor in any wet area without having first procured a permit."

Subsection 6, Article 666-15, Vernon's Annotated Penal Code, provides in part as follows:

"(a) Wholesaler's Permit shall authorize the holder thereof to: . . . (b) sell liquor in original containers in which received to retailers and wholesalers authorized to sell same; (c) sell liquor out of state to qualified persons; . . ."

Subsection 7 of the above mentioned statute provides in part as follows:

"(a) Class B. Wholesaler's Permit shall authorize the holder thereof to: (a) Purchase and import malt and vinous liquors from breweries, wineries, rectifyers, and wine manufacturers and bottlers and purchase from other wholsalers within the state; (b) Sell same in original containers in which received in this state to retailers and wholesalers authorized to sell same; (c) Sell same out of state to qualified persons. . . ."

Subsection 9 of Section 15, Article 666-15, supra, provides:

"Agent's Permit. An Agent's Permit shall authorize the holder thereof to:

"(a) Represent any person who is authorized to sell liquor other than a retailer;

"(b) Solicit and take orders for the sale of liquor from any authorized permit holder;

"(c) Carry samples of liquor in containers not less than one-half (1/2) pint.

"Any person acting as agent or salesman for the sale of or for taking or soliciting orders for the sale of any liquor irrespective of whether such sale is to be made within or without the State is required to procure an agent's permit. It is not intended that

this shall apply to the employee of a permit
holder who sells liquor and who remains on the
licensed premises in making such sale."

It will be noted that the holders of wholesaler's
permits are specifically authorized by the above mentioned
statute to sell liquor in original containers in which re-
ceived in this State to retailers and wholesalers authorized
to sell the same and to sell out of the State to qualified
persons. However, this statute does not specifically author-
ize the holders of wholesaler's permits to solicit business
as is provided by Subsection 9 of Section 15, supra, allowing
the holder of agent's permits to solicit business. It is ap-
parent that it was the intention of the Legislature to regu-
late each phase of the liquor business and require a permit
for each of the different kinds or types of business as speci-
fied by Section 15, supra. Therefore, it is our opinion that
holders of wholesaler's permits are not authorized to solicit
business, except upon their licensed premises, unless and un-
til they have secured agent's permits. Your two questions
quoted above are respectfully answered in the affirmative.

Trusting that the foregoing fully answers your in-
quiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:BBB

APPROVEDNOV 2, 1940

ATTORNEY GENERAL OF TEXAS